[Cite as *In re G.J.*, 2015-Ohio-266.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| IN THE MATTER OF: | : | | JUDGES: |
| | : | | Hon. W. Scott Gwin, P.J. |
| G. J. | : | | Hon. Sheila G. Farmer, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| | : | | |
| | : | | Case No. CT2014-0030 |
| | : | | |
| | : | | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas Court, Juvenile Division, Case No. 21330257

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      January 20, 2015

APPEARANCES:

For Appellant-Mother

ROSE M. FOX
233 Main Street
Zanesville, OH 43701

For Father

SCOTT PATTERSON
2609 Bell Street
Zanesville, OH 43701

For Sara Joseph

SCOTT T. HILLIS
401 Market Street
Zanesville, OH 43701

For Appellee

MOLLY L. MARTIN
27 North Fifth Street
P.O. Box 189
Zanesville, OH 43702-0189

Guardian Ad Litem

THOMAS A. McCARTY
58 North Fifth Street
Zanesville, OH 43701

*Farmer, J.*

{¶1}   On December 4, 2013, appellee, Muskingum County Children Services, filed a complaint for temporary custody of G.J., born August 27, 2010, alleging the child to be neglected and dependent due to domestic violence incidents within the home. Mother of the child is appellant, Jessica Covington; father is Michael Pullie.  Appellant had legal custody of the child and they resided with appellant's husband, Andre Covington.

{¶2}   On February 5, 2014, Mr. Pullie filed a motion for legal custody of the child.

{¶3}   On February 25, 2014, the child was found to be neglected and dependent and was placed in the temporary custody of the child's maternal aunt, Sara Joseph.

{¶4}   A hearing on the legal custody motion was held on June 3, 2014.  By entry filed June 5, 2014, the trial court granted legal custody of the child to Mr. Pullie.

{¶5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶6}   "THE TRIAL COURT ERRED WHEN IT AWARDED LEGAL CUSTODY WITHOUT MAKING A FINDING THAT REASONABLE EFFORTS HAD BEEN TAKEN TO PREVENT THE CONTINUED REMOVAL OF G.J.".

II

{¶7}   "THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT A CONTINUANCE OF THE PROCEEDINGS DUE TO THE GUARDIAN AD LITEM'S REPORT NOT BEING FILED SEVEN DAYS PRIOR TO THE HEARING."

I

{¶8}    Appellant claims the trial court erred in awarding legal custody of the child to her biological father without a finding of reasonable efforts by appellee to reunite mother and child.  We disagree.

{¶9}    On February 5, 2014, Mr. Pullie filed a motion for legal custody of the child while appellee's temporary custody complaint was pending.  Thereafter, on February 25, 2014, the child was found to be neglected and dependent and was placed in the temporary custody of her maternal aunt, Ms. Joseph.

{¶10}  Appellant argues the trial court violated R.C. 2151.419 by failing to make a finding on reunification efforts by appellee.  Subsection (A)(1) states the following:

Except as provided in division (A)(2) of this section, at *any hearing held pursuant to section* 2151.28, division (E) of section 2151.31, or section 2151.314, 2151.33, or *2151.353 of the Revised Code* at which the court removes a child from the child's home or continues the removal of a child from the child's home, the court shall determine whether the public children services agency or private child placing agency that filed the complaint in the case, removed the child from home, has custody of the child, or will be given custody of the child has made reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return safely home.  The agency shall have the burden of proving that it has made those reasonable efforts.  If the agency

removed the child from home during an emergency in which the child could not safely remain at home and the agency did not have prior contact with the child, the court is not prohibited, solely because the agency did not make reasonable efforts during the emergency to prevent the removal of the child, from determining that the agency made those reasonable efforts. *In determining whether reasonable efforts were made, the child's health and safety shall be paramount.* (Emphasis added.)

{¶11} The hearing on the motion for legal custody falls squarely within R.C. 2151.353(A)(3) which states the following in pertinent part:

(A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:

(3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings.

{¶12} Based upon the foregoing, a determination on reasonable efforts was required. Prior to the adjudication of neglect and dependency, appellant was the legal custodian of the child. The child was removed from appellant's custody and placed with

the child's maternal aunt.  We find R.C. 2151.419 controls over the award of legal custody to the biological father, a previous non-custodial party.

{¶13}  Although the trial court's June 5, 2014 entry does not specifically address what reasonable efforts were made, the trial court found appellant "has not completed her case plan, is unemployed and the concerns surrounding her husband, Andre Covington make it evident that Legal Custody to her is not appropriate."

{¶14}  Appellant continues to remain with Andre Covington.  T. at 21.  Mr. Covington was convicted of child abuse in Missouri.  *Id.*  He was currently facing charges of assault and violation of a protection order stemming from an incident that had occurred a month prior to the hearing.  T. at 77.  Appellant was dishonest with her caseworker, adamantly telling her caseworker she was pregnant when in fact she wasn't.  T. at 19-20.  This caused concern for the caseworker about appellant's "ability to be honest in the future regarding domestic violence incidents between her and her husband Andre" and therefore her ability to protect the child in the future.  T. at 20.  As a result, the caseworker amended the case plan for appellant to undergo a psychological evaluation.  T. at 19.  Appellant admitted to having her husband present in the home in violation of the safety plan in place.  T. at 95-96.

{¶15}  We find the record supports a showing of reasonable efforts as demonstrated by the testimony presented during the hearing, the trial court's entry, and the report of the guardian ad litem.

{¶16}  Assignment of Error I is denied.

II

{¶17} Appellant claims the trial court erred in not granting a continuance on the basis that the guardian ad litem filed his report less than seven days before the hearing. We disagree.

{¶18} The grant or denial of a continuance rests in the trial court's sound discretion. *State v. Unger,* 67 Ohio St.2d 65 (1981). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶19} Sup.R. 48(F)(1)(c) states a guardian ad litem shall file his/her report "no less than seven days before the dispositional hearing." In the case sub judice, the guardian ad litem filed his report the morning of the hearing date, June 3, 2014.

{¶20} At the commencement of the hearing, appellant's attorney requested a continuance because of the late filing. T. at 1. The trial court denied the motion, but granted a recess to give the parties ample time to review the report. T. at 1, 13. Following the recess, no additional continuance requests or objections to the report were made. The guardian ad litem was present during the hearing and participated in questioning the witnesses. Appellant did not call the guardian ad litem to the witness stand to cross-examine him on his report. Appellant has not demonstrated any prejudice resulting from the late filing.

{¶21} Upon review, we find the trial court did not abuse its discretion in denying the request for a continuance.

{¶22} Assignment of Error II is denied.

{¶23} The judgment of the Court of Common Pleas of Muskingum County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Gwin, J. and

Baldwin, J. concur.

SGF/sg 108